IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONNIE LAWSON, | : | Civil No. 3:16-cv-2421 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| FOOD SERVICE DEPARTMENT, | : | |
| Defendant | : | |

FILED
SCRANTON
DEC 21 2016

PER _____
DEPUTY CLERK

## MEMORANDUM

On December 7, 2016, Plaintiff, Ronnie Lawson, an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), commenced this Bivens[1], 28 U.S.C. § 1331, action. (Doc. 1). Plaintiff seeks to proceed *in forma pauperis*. (Doc. 5). An initial screening of the complaint has been conducted, and for the reasons set forth below, the motion to proceed *in forma pauperis* will be granted, and the complaint will be dismissed.

### I. Screening Provisions of the Prison Litigation Reform Act

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

See 28 U.S.C. § 1915(e)(2),[2] 28 U.S.C. § 1915A.[3] The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. See 28 U.S.C. § 1915A(a).

## II. Discussion

Plaintiff's claims are filed pursuant to 28 U.S.C. § 1331, in accordance with *Bivens*. A *Bivens*-style civil rights claim is the federal equivalent of an action brought pursuant to 42 U.S.C. § 1983 and the same legal principles have been held to apply. See *Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir.1975); *Veteto v. Miller*, 829 F.Supp. 1486, 1492 (M.D.

---

[2] Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[3] Section 1915A(b) of Title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

Pa. 1992); *Young v. Keohane*, 809 F. Supp. 1185, 1200 n.16 (M.D. Pa. 1992). In order to state an actionable *Bivens* claim, a plaintiff must allege that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Young*, 809 F. Supp. at 1199. Additionally, "[t]o establish liability for deprivation of a constitutional right under § 1983, a party must show personal involvement by each defendant." *Keys v. Carroll*, 2012 U.S. Dist. LEXIS 137930, *26 (M.D. Pa. 2012), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

In the complaint, Plaintiff expresses general dissatisfaction with the food quality at USP-Lewisburg. (Doc. 1). For example, Plaintiff complains that Thanksgiving stuffing was no chewable, hot dogs caused an upset stomach, certain meals contain no dessert, the oatmeal is "always cool," grits are hard, and he experienced gastrointestinal distress after meals. (*Id.* at pp. 2-3). Plaintiff seeks "excellent all-around service,... sanitation, cooking & supervision," as well as $1,500.00. (*Id.* at p. 1). Upon careful review of the complaint, the Court finds that Plaintiff's civil rights complaint is based on "clearly baseless factual contentions" and fails to state a plausible claim for relief. *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). Moreover, the Court owes substantial deference to prison

administrators, who bear a significant responsibility in the daily operation of the correctional facility, including food service decisions.

Furthermore, the sole named Defendant in the complaint is the Food Service Department at USP-Lewisburg. (Doc. 1). Section 1983 creates a cause of action against every "person" who under color of state law deprives an individual of a right secured by the Constitution or federal statute. See 42 U.S.C. § 1983. A prison or correctional facility is not a person for the purposes of civil rights liability. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973). The Court of Appeals in Fischer also recognized that a department within a prison may not be sued in a civil rights action since it is not a person. See Fischer, 474 F.2d at 992 (concluding that the prison medical department is clearly not a person for purposes of § 1983). Based upon an application of the above standards, the Food Service Department at USP-Lewisburg is not a person amenable to suit in a federal civil rights action.

## III. Conclusion

Based on the foregoing, the Court is confident that service of process is unwarranted in this case, and the complaint will be dismissed as legally frivolous. An appropriate Order shall issue.

Date: December 21, 2016

Robert D. Mariani
United States District Judge